**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION**

**GEBRONT MAZAUNTI GADDY,**
a/k/a "T,"
a/k/a "JB,"

    **Petitioner-Defendant,**

v.

                                                **Civil Action No. 3:11-cv-49
Criminal Action No. 3:08-cr-50
(Judge Bailey)**

**UNITED STATES OF AMERICA,**

    **Respondent-Plaintiff.**

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE
RECOMMENDING THAT THE DISTRICT COURT DENY PETITIONER'S MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

**I. INTRODUCTION**

On June 27, 2011, Petitioner-Defendant Gebront Mazaunti Gaddy ("Petitioner"), proceeding *pro se*, filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Petition" or "Motion"). (Civil Action No. 3:11-cv-49, ECF No. 1; Criminal Action No. 3:08-cr-50, ECF No. 71 ("Mot.").) On September 14, 2011, the undersigned Magistrate Judge entered an Order directing Respondent, the United States of America ("Respondent" or "Government") to answer Petitioner's motion. (Criminal Action No. 3:08-cr-50, ECF No. 76.) In this Order, the undersigned directed the Government to file a limited response addressing the applicability of *Johnson v. United States*, 130 S. Ct. 1265 (2010) and equitable tolling to Petitioner's Motion. (*Id.*) The Government responded on October 6, 2011. (Criminal Action No. 3:08-cr-50, ECF No. 77 ("Resp.").) Petitioner replied to the Government's response on October 21, 2011. (Criminal Action No. 3:08-cr-50, ECF No. 78 ("Reply").) The undersigned now issues this Report and Recommendation on Petitioner's motion without holding an evidentiary hearing. For the reasons

stated below, the undersigned recommends that the District Judge deny Petitioner's motion to vacate.

## II. FACTS

### A. *Conviction and Sentence*

On July 8, 2008, the Grand Jury indicted Petitioner in a four-count Indictment. (Indictment, Criminal Action No. 3:08-cr-50, ECF No. 1.) Petitioner was charged with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2); distribution of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), & 860; distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C); and being a convicted felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). (*Id.*)

On September 29, 2008, Petitioner signed a plea agreement in which he agreed to plead guilty to Count Two, distribution of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), & 860. (Criminal Action No. 3:08-cr-50, ECF No. 42.) On October 2, 2008, Petitioner appeared before the undersigned Magistrate Judge to enter his plea of guilty in open court. (Change of Plea Order, Criminal Action No. 3:08-cr-50, ECF No. 44.)

Petitioner appeared before the Honorable John Preston Bailey, Chief United States District Judge, for sentencing on December 11, 2008. Chief Judge Bailey sentenced Petitioner to a term of 100 months imprisonment to be followed by a term of five years of supervised release. (Judgment in a Criminal Case, Criminal Action No. 3:08-cr-50, ECF No. 52.) At sentencing, Chief Judge Bailey noted that Petitioner "is technically a career offender" and that the Guidelines sentence called for 210 months imprisonment. (Sentencing Hrg. Tr., Criminal Action No. 3:08-cr-50, ECF No. 60

at 19:9-11.) However, the Court found that it was not "appropriate to impose the sentence that would be called for by a career offender." (*Id.* at 19:14-15.)

B.     *Direct Appeal*

Petitioner pursued a direct appeal to the United States District Court for the Fourth Circuit ("Fourth Circuit"). Petitioner's counsel, John J. Pizzuti, Esq., filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he asserted that there were no meritorious grounds for appeal, but also questioned whether Petitioner "received ineffective assistance of counsel and whether the district court erred in designating Gaddy a career offender under the Sentencing Guidelines." *United States v. Gaddy*, 337 F. App'x 333, 334, 2009 WL 2196795, at *1 (4th Cir. July 24, 2009). Petitioner did not file a supplemental *pro se* brief. *Id.* The Fourth Circuit affirmed Petitioner's conviction, finding that his claim of ineffective assistance of counsel was not cognizable on direct appeal and that his prior conviction for second-degree assault under Maryland law was a predicate offense qualifying him for career offender status. *Gaddy*, 337 F. App'x at 334-36, 2009 WL 2196795, at *1-3.

Petitioner filed a petition for certiorari in the United States Supreme Court, asserting that the district court erred in determining him to be a career offender in violation of *Shepard v. United States*, 544 U.S. 13 (2005). (Mot. at 3.) The Supreme Court denied Petitioner's petition for a writ of certiorari on January 11, 2010. *Gaddy v. United States*, 130 S. Ct. 1077 (2010).

C.    *Federal Habeas Corpus*

   1.    **Petitioner's Motion**

Petitioner alleges three claims in his Motion, two of which allege ineffective assistance of counsel. Specifically, Petitioner alleges the following:

1. Counsel misadvised Petitioner regarding entering a plea without discussing that Petitioner would be designated a Career Offender.

2. Counsel submitted an *Anders* brief which signified that there were no meritorious issues for review. Counsel was mistaken. Moreover, at sentencing, counsel admitted that he was ineffective for not advising Petitioner about being a Career Offender.

3. Under *Johnson*'s modified categorical approach, Petitioner is 'ACTUALLY INNOCENT' of the Career Offender designation because the sentencing court was barred from considering materials outside the record of the court of conviction.

(Mot. at 5-8.)[1]

Petitioner also acknowledges that he had until January 11, 2011 to file his Motion, but asserts that his motion should not be considered untimely for two reasons. (Mot. at 13.) First, he alleges that the Supreme Court's ruling in *Johnson v. United States*, 130 S. Ct. 1265 (2010), decided on March 2, 2010, created a newly recognized right made retroactively applicable to cases on collateral review. (*Id.*) However, in his Memorandum of Law, Petitioner acknowledges that even if *Johnson*

---

[1] Petitioner submitted a Memorandum of Law to support his Motion. (*See generally* Mot, Ex. 1 ("Mem.").) In his Memorandum of Law, Petitioner asserts his three grounds for relief as follows:

| | |
|---|---|
| GROUND I. | Trial counsel was ineffective for not properly advising Petitioner of the application of the Career Offender designation, prior to and during the entire plea proceeding; |
| GROUND II. | Sentencing counsel was ineffective because his mere objections to the findings in the presentence report, ("PSR"), were insufficient. Indeed, Counsel failed to properly object under *Shepard v. United States*, 544 U.S. 13, 20-21 (2005), to the PSR's inclusion of approved documents in the PSR, including the propriety of the source material or to its accuracy related to Petitioner's Career Offender status; and |
| GROUND III. | Petitioner is 'ACTUALLY INNOCENT' of the Career Offender designation. |

(Mem. at 1.)

applied retroactively, his motion was filed more than one year after *Johnson* was issued. (Mem. at 12-13.) Therefore, Petitioner also asks the Court to apply equitable tolling to his Motion on the ground that he is actually innocent of the career offender designation. (Mot. at 13; Mem. at 13-14.) In support of his assertion, he relies on *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). (Mot. at 13; Mem. at 13-14.)

### 2. Government's Response

In its Response, the Government asserts that "*Johnson* does not announce a new rule of law nor does it suggest anywhere in the opinion that a new rule of law is announced." (Resp. at 3.) Specifically, the Government alleges that the Fourth Circuit applied the modified categorical approach as approved by the Supreme Court in *Johnson*. (*Id.* at 4.) Furthermore, the Government argues that while the Fourth Circuit has recognized that the concept of actual innocence may be applied to an incorrectly determined career offender status, Petitioner is not entitled to equitable tolling on this ground because he received a variant sentence and therefore was not prejudiced by any career offender calculation. (*Id.* at 6.)

### 3. Petitioner's Reply

In his Reply, Petitioner raises a "substantive claim based on the argument that his conviction was improperly classified under the applicable imprisonment term for the predicate offense." (Reply at 4.) Specifically, he asserts that under the Supreme Court's recent ruling in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), "he is actually innocent because the maximum sentence he could have received for his second-degree assault was less than a year imprisonment and therefore was not an offense 'punishable by a term of imprisonment exceeding more than a year.'" (*Id.* at 5.) According to Petitioner, he is actually innocent because his conviction for second-degree assault was

not verified by the use of reliable documents. (*Id.* at 9.)

### D. *Recommendation*

Based upon a review of the record, the undersigned recommends that Petitioner's Motion be denied and dismissed from the docket because of its untimeliness, because the *Johnson* and *Carachuri-Rosendo* decisions are not retroactively applicable to collateral review of Petitioner's conviction, and because Petitioner is not entitled to equitable tolling for actual innocence of the career offender designation.

## III. ANALYSIS

### A. *Petitioner's Motion Is Untimely Under 28 U.S.C. § 2255(f)(1)*

A one-year statute of limitations applies to all motions brought pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). As § 2255(f) states, the one-year statute of limitations begins to run from four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, Petitioner was sentenced on December 11, 2008. This judgment was entered on Petitioner's criminal docket on December 18, 2008. (Judgment in a Criminal Case, Criminal Action

No. 3:08-cr-50, ECF No. 52.) Petitioner pursued a direct appeal to the Fourth Circuit and also filed a petition for a writ of certiorari with the United States Supreme Court. According to the Fourth Circuit, "the judgment of conviction of a prisoner who has petitioned for certiorari becomes final for purposes of the one-year period of limitation in § 2255 ¶ 6(1) when the Supreme Court denies certiorari after a prisoner's direct appeal." *United States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001). The Supreme Court denied Petitioner's petition for a writ of certiorari on January 11, 2010. *Gaddy v. United States*, 130 S. Ct. 1077 (2010). Therefore, pursuant to 28 U.S.C. § 2255(f)(1), Petitioner's conviction became final on January 11, 2010. Petitioner had until January 11, 2011 to timely file his Motion; however, he did not file his motion until June 27, 2011. Because Petitioner filed his Motion after the statute of limitations had run, the Court finds that his motion is untimely unless Petitioner can satisfy his burden of demonstrating that either another provision of § 2255(f) or equitable tolling should be applied to his case.

B.     *Petitioner's Motion Does Not Qualify for the Exception Under 28 U.S.C. § 2255(f)(3)*

        1.     *Johnson v. United States* **Did Not Announce a New Rule**

In his Motion, Petitioner recognizes that because his conviction became final on January 11, 2010, he had until January 11, 2011 to file his Motion to meet the one-year statute of limitations. (Mot. at 13.) However, he argues that his Motion is timely under 28 U.S.C. § 2255(f)(3) because of the Supreme Court's ruling in *Johnson v. United States*, 130 S. Ct. 1265 (2010), "which made a newly recognized right retroactive on collateral review." (*Id.*) However, Petitioner's argument is without merit.

In *Johnson*, the Supreme Court held that Johnson's prior battery conviction under Florida law did not qualify as a "violent felony" under the Armed Career Criminal Act ("ACCA"). *Johnson*,

130 S. Ct. at 1273-74. In its analysis, the Court noted:

> When the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not, the ' "modified category approach"' that we have approved . . . permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record–including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms.

*Id.* at 1273 (internal citation omitted). The Court also recognized that this is the approach the Government has used in the past to obtain convictions under ACCA. *Id.* However, the *Johnson* Court did not expressly state whether its ruling constituted a new rule of law.

Because Petitioner seeks to invoke the *Johnson* ruling after the statute of limitations has expired, this Court must determine whether *Johnson* can be applied retroactively. The Fourth Circuit has not decided whether *Johnson* is retroactively applicable to cases on collateral review. One district court within the Fourth Circuit has offered no opinion as to whether *Johnson* is retroactively applicable to cases on collateral review. *White v. United States*, Nos. 5:98-CR-158-BO, 5:11-CV-98-BO, 2011 WL 2144634, at *2 n.1 (E.D.N.C. May 31, 2011) (finding such an analysis unnecessary because of the collateral relief waiver included in the petitioner's plea agreement). The Middle District of Florida has determined that *Johnson* is not retroactively applicable to cases on collateral review. *See Crawford v. United States*, Nos. 8:11-cv-1866-T-30TGW, 8:07-cr-454-T-30TGW, 2011 WL 3702664, at *2 (M.D. Fla. Aug. 23, 2011); *see also Crawford v. United States*, Nos. 8:11-cv-1866-T-30TGW, 8:07-cr-454-T-30TGW, 2011 WL 5529930, at *2 (M.D. Fla. Nov. 14, 2011) (denying petitioner's motion for reconsideration because, *inter alia*, petitioner had not shown that *Johnson* applies retroactively); *Mendez v. United States*, Nos. 2:10-cv-198-FTM-29DNF, 2:06-cr-82-FTM-29DMF, 2011 WL 5555876, at *4 (M.D. Fla. Oct.

27, 2011) (finding that *Johnson* provided petitioner with no relief "either as to his substantive claim or to his assertion of a later starting date for the statute of limitations). However, the Southern District of Georgia has noted that *Johnson* does apply retroactively to cases on collateral review. *See Reese v. Haynes*, No. CV211-001, 2011 WL 3704941, at *3 n.3 (S.D. Ga. June 27, 2011) (noting that *Johnson* is retroactively applicable but providing no analysis); *see also Taylor v. Haynes*, No. CV210-184, 2011 WL 2670947, at *2 (S.D. Ga. June 16, 2011) (government conceding that *Johnson* is retroactively applicable); *Dotson v. Haynes*, No. CV210-115, 2011 WL 3348044, at *2 (S.D. Ga. June 14, 2011) (same).

*Teague v. Lane*, 489 U.S. 288 (1989) and later cases set forth the principles surrounding whether new rules should be retroactively applied to cases on collateral review. Under *Teague*, courts must "survey the legal landscape as it existed at the time petitioner's conviction became final to determine whether a particular rule later announced by the Supreme Court is an old or a new rule." *Mendoza v. United States*, 774 F. Supp. 2d 791, 796 (E.D. Va. 2011) (citing *Beard v. Banks*, 542 U.S. 406, 410 (2004)). Generally, an old rule applies to cases on both direct and collateral review, whereas a new rule only applies to cases that are still on direct review. *Whorton v. Bockting*, 549 U.S. 406, 416 (2007). However, there are two exceptions for when a new rule may retroactively apply to cases on collateral review. First, the rule may apply retroactively where "it places certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe." *Teague*, 489 U.S. at 311. The second exception is for "'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" *O'Dell v. Netherland*, 521 U.S. 151 (1997) (quoting *Graham v. Collins*, 506 U.S. 461, 478 (1993)).

First, this Court must determine whether the holding in *Johnson* announced a new or old rule.

The Supreme Court has noted that when deciding whether or not a new rule is created, a court should consider "whether it would have felt compelled by existing precedent to conclude that the rule was required by the Constitution." *Dennis v. United States*, 787 F. Supp. 2d 425, 428 (D.S.C. 2011) (citing *Saffle v. Parks*, 494 U.S. 484, 489 (1990)). The undersigned finds that the holding in *Johnson* qualifies as an old rule. At the time of Petitioner's conviction, the Government had already been utilizing the modified categorical approach to obtain convictions under ACCA. *See, e.g., United States v. Simms*, 441 F.3d 313, 316-317 (4th Cir. 2006) (affirming the district court's method of finding that a prior Maryland conviction for battery qualified as a predicate offense under ACCA); *see also Johnson*, 130 S. Ct. at 1273 (citing *Simms* to demonstrate that the modified categorical approach has been used by the Government). Indeed, in *Johnson*, the Supreme Court noted that it had already approved the use of the modified categorical approach. *Johnson*, 130 S. Ct. at 1273. Nothing in the *Johnson* opinion suggests that a new rule of law is announced. Therefore, the undersigned finds that *Johnson* asserted an old rule of law. As such, Petitioner cannot rely on *Johnson* for his assertion that his Motion should be timely under 28 U.S.C. § 2255(f)(3).[2]

### 2. *Carachuri-Rosendo v. Holder* Does Not Retroactively Apply to Petitioner's Motion

In his Reply, Petitioner asserts that the Supreme Court's recent decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010) should retroactively apply to his Motion. (Reply at 5, 10.) Usually, a party cannot raise new matters in a reply brief when the opposing party has no opportunity to respond to these new matters. *See United States v. Cox*, 7 F.3d 1458, 1469 (9th Cir.

---

[2] Even assuming, *arguendo*, *Johnson* was retroactively applicable to cases on collateral review, Petitioner's Motion would still be untimely under 28 U.S.C. § 2255(f)(3). *Johnson* was decided on March 2, 2010. Under 28 U.S.C. § 2255(f)(3), Petitioner would have had until March 2, 2011 to file his Motion, and he did not file his Motion until June 27, 2011.

1993). However, although the Court will consider Petitioner's argument, his argument is without merit.

In *Carachuri-Rosendo*, the Court held that for a conviction to qualify as an "aggravated felony" under the Immigration and Nationalization Act, "the defendant must *also* have been *actually convicted* of a crime that is itself punishable as a felony under federal law." *Carachuri-Rosendo*, 130 S. Ct. at 2589. As the Court further explained, "[t]he mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient." *Id.* In Carachuri-Rosendo's case, the Court determined that because the state prosecutor had declined to charge him as a recidivist for a simple possession charge, he had not been convicted of a felony punishable under the Controlled Substances Act. *Id.* at 2589-90. However, the *Carachuri-Rosendo* Court did not expressly state whether its ruling constituted a new rule of law.

Because Petitioner seeks to invoke the *Carachuri-Rosendo* ruling after the statute of limitations has expired, this Court must determine whether *Carachuri-Rosendo* can be applied retroactively. The Fourth Circuit has not decided whether *Carachuri-Rosendo* is retroactively applicable to cases on collateral review. One district court in the Fourth Circuit has held that *Carachuri-Rosendo* is retroactively applicable to cases on collateral review because it established a new substantive rule of law. *Farrior v. United States*, Nos. 5:03-CR-356-H, 5:11-CV-263-H, 2011 WL 5921373, at *2 (E.D.N.C. Nov. 7, 2011). *But see Walker v. United States*, Nos. 7:07-CR-00076-1-BR, 7:10-CV-00176-BR, 2011 WL 1337409, at *3 (E.D.N.C. Apr. 7, 2011) (declining to apply *Carachuri-Rosendo* retroactively); *Powell v. United States*, Nos. 5:10cv137-V-5, 5:03cr37-13, 2011 WL 32519, at *4 (W.D.N.C. Jan. 4, 2011) (same); *Hickman v. United States*, C.A. No. 4:10-70234,

Crim. No. 4:08-507, 2010 WL 4721706, at *3-4 (rejecting argument that *Carachuri-Rosendo* represented a change in the law having retroactive effect). Furthermore, district courts in Florida, Nebraska, and Kentucky have declined to retroactively apply *Carachuri-Rosendo*. *See Stewart v. Warden, FCC Coleman Low*, No. 5:11-cv-98-Oc-29SPC, 2011 WL 6004594, at *3 (M.D. Fla. Nov. 30, 2011); *United States v. Rodriguez-Mendez*, No. 4:02CR3020, 2011 WL 3799943, at *4-5 (D. Neb. Aug. 29, 2011) (finding that *Carachuri-Rosendo* announced a new procedural rule but that this rule was not retroactively applicable to petitioner's § 2255 motion); *Thomas v. Holland*, No. 0:10-CV-00098-HRW, 2011 WL 3446373, at *5 (E.D. Ky. June 15, 2011).

### a. *Carachuri-Rosendo* Announced a New Rule

The undersigned finds that the holding in *Carachuri-Rosendo* announced a new rule. The Supreme Court has noted that when deciding whether or not a new rule is created, a court should consider "whether it would have felt compelled by existing precedent to conclude that the rule was required by the Constitution." *Dennis*, 787 F. Supp. 2d at 428 (citing *Saffle*, 494 U.S. at 489). Under *Teague*, courts must "survey the legal landscape as it existed at the time petitioner's conviction became final to determine whether a particular rule later announced by the Supreme Court is an old or a new rule." *Mendoza*, 774 F. Supp. 2d at 796 (citing *Beard*, 542 U.S. at 410. At the time of Petitioner's conviction, the law of the Fourth Circuit dictated that "to determine whether a conviction is for a crime punishable by a prison term exceeding one year," the court must "consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005), *overruled by United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) (emphasis omitted). Indeed, in *Simmons*, the Fourth Circuit recognized that after *Carachuri-Rosendo*, the Government

can no longer rely on hypothetical sentencing enhancements to set a maximum term of imprisonment, nor can a court consider hypothetical aggravating factors when calculating a defendant's maximum punishment. *Simmons*, 649 F.3d at 243, 244. Therefore, because the "legal landscape" at the time of Petitioner's conviction did not dictate the holding in *Carachuri-Rosendo*, the undersigned finds that *Carachuri-Rosendo* announced a new rule. *See Beard*, 542 U.S. at 410.

        **b.**        ***Carachuri-Rosendo* Does Not Fall Within One of the Two Exceptions for Retroactive Application on Collateral Review**

Because *Carachuri-Rosendo* announced a new rule, the Court must determine whether it is "subject to one of the retroactivity exceptions for new rules outlined in *Teague*." *Doan v. United States*, 760 F. Supp. 2d 602, 605 (E.D. Va. 2011). The first exception applies when the rule "places certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe." *Teague*, 489 U.S. at 311. In other words, this exception applies where a new rule "alters the range of conduct or the class of persons that the law punishes." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004). "Such rules apply retroactively because they 'necessary carry a significant risk that a defendant stands convicted of an act that the law does not make criminal' or faces a punishment that the law cannot impose upon him." *Id.* at 352 (quoting *Bousley v. United States*, 523 U.S. 614, 620 (1998)) (internal quotation marks omitted). The Court disagrees with the Eastern District of North Carolina's finding that *Carachuri-Rosendo* announced a new substantive right. *See Farrior*, 2011 WL 5921373, at *2. Nothing in *Carachuri-Rosendo* altered the range of conduct or the class of persons punishable by the law; instead "it addressed the characterization of prior state offenses as 'aggravated felonies' for the purposes of federal law." *Rodriguez-Mendez*, 2011 WL 3799942, at *5.

The second exception is for "'watershed rules of criminal procedure implicating the

fundamental fairness and accuracy of the criminal proceeding.'" *O'Dell v. Netherland*, 521 U.S. 151 (1997) (quoting *Graham v. Collins*, 506 U.S. 461, 478 (1993). New procedural rules "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." *Schriro*, 542 U.S. at 352. "[R]ules that regulate only the *manner of determining* the defendant's culpability are procedural." *Id.* at 353.

With regards to this exception, the Supreme Court has "repeatedly emphasized the limited scope of [this] exception" by stating that "it is clearly meant to apply only to a small core of rules requiring observance of those procedures that . . . are implicit in the concept of ordered liberty." *Beard*, 542 U.S. at 417 (alteration in original) (citations omitted) (internal quotation marks omitted). Indeed, it is "unlikely that many such components of basic due process have yet to emerge," and the Supreme Court has "yet to find a new rule that falls under the second *Teague* exception." *Id.* (citations omitted) (internal quotation marks omitted). In fact, the Court, when providing guidance as to the type of rule that may fall within this exception, has referred only to the rule announced in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Carachuri-Rosendo* "altered the analysis used to determine whether a prior state conviction constitutes an aggravated felony under federal law." *Rodriguez-Mendez*, 2011 WL 3799943, at *5. Therefore, the Court finds that the new rule announced in *Carachuri-Rosendo* "'has none of the primacy and centrality of the rule adopted in *Gideon*.'" *Id.* at 420 (quoting *Saffle*, 494 U.S. at 495). As such, it does not fall within the second *Teague* exception.[3]

---

[3] Even assuming, *arguendo*, *Carachuri-Rosendo* was retroactively applicable to cases on collateral review, Petitioner's Motion would still be untimely under 28 U.S.C. § 2255(f)(3). *Carachuri-Rosendo* was decided on June 14, 2010. Under 28 U.S.C. § 2255(f)(3), Petitioner

In sum, the Court finds that the *Johnson* decision does not qualify as a new rule, and therefore Petitioner cannot rely on *Johnson* to argue that his Motion should be timely under 28 U.S.C. § 2255(f)(3). Furthermore, the Court finds that while the rule announced in *Carachuri-Rosendo* qualifies as a new rule, it is not subject to either of the two retroactivity exceptions outlined in *Teague*. Thus, the Court will not retroactively apply *Johnson* or *Carachuri-Rosendo* to Petitioner's case, and Petitioner's motion should be dismissed for untimeliness.

### C. *Petitioner's Motion Does Not Qualify for Equitable Tolling for Actual Innocence*

In his Motion, Petitioner recognizes that he may have untimely filed his Motion and therefore asks the Court to apply equitable tolling because he is actually innocent of the career offender designation. (Mot. at 13; *see also* Mem. at 13-14.) In his Reply, Petitioner asks the Court to apply equitable tolling to his Motion because it would still be considered untimely even if *Johnson v. United States* and *Carachuri-Rosendo v. Holder* retroactively applied on collateral review. (Reply at 11.) However, Petitioner's arguments are without merit, and the undersigned finds that equitable tolling should not apply to Petitioner's Motion.

Equitable tolling is usually applicable in two situations. "'In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.'" *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)). In the Fourth Circuit, "the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance

---

would have had until June 14, 2011 to file his Motion, and he did not file his Motion until June 27, 2011.

prevented the timely filing." *United States v. Oriakhi*, 394 F. App'x 976, 977, 2010 WL 3522005, at *1 (4th Cir. Sept. 10, 2010). Under the "extraordinary circumstance" prong, a prisoner is entitled to equitable tolling "if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). However, courts should only apply equitable tolling in "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse*, 339 F.3d at 246).

"The United States Supreme Court has held that a claim of actual innocence can be raised 'to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims." *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995)). The Supreme Court has applied the actual innocence exception to sentencing phases of capital trials. *See, e.g., Sawyer v. Whitley*, 505 U.S. 333 (1992); *Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989); *Smith v. Murray*, 477 U.S. 527, 537 (1986). Furthermore, the Fourth Circuit has held that the actual innocence exception extends to non-capital sentencing phases. *United States v. Maybeck*, 23 F.3d 888, 893 (4th Cir. 1994). However, "the actual innocence exception in non-capital cases should not be available to a defendant who, although actually innocent of committing an aggravating act, was not prejudiced by its inclusion in the sentencing calculation." *Id.* at 894; *see also United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999) (holding that "actual innocence applies in non-capital sentencing only in the context of eligibility for application of a career offender or other habitual offender guideline provision"). As the Fourth Circuit recently stated, "actual innocence applies in the context of habitual offender provisions only

where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010). However, neither the Supreme Court nor the Fourth Circuit has held that time-barred motions can be equitably tolled based on an actual innocence argument. *See Liberte v. Warden, Lieber Corr. Inst.,* 2010 WL 3701367, at *3 (D.S.C. Sept. 14, 2010). Indeed, the Fourth Circuit has affirmed the rejection of such an argument in an unpublished opinion. *See Blakney v. United States*, 2011 WL 1113468, at *4 (D.S.C. Mar. 24, 2011), *aff'd*, 2011 WL 4336742 (4th Cir. Sept. 16, 2011). Furthermore, multiple Courts of Appeals have declined to find an actual innocence exception to allow equitable tolling. *See, e.g., Lee v. Lampert*, 610 F.3d 1125, 1128-31 (9th Cir. 2010); *Escamilla v. Jungwirth*, 426 F.3d 868, 871 (7th Cir. 2005); *David v. Hall*, 318 F.3d 343, 347 (1st Cir. 2003); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002). *But see Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005).

Here, Petitioner cannot establish that he was prejudiced by the inclusion of career offender status in his sentencing calculation. Petitioner is correct in stating that the Sixth Circuit has allowed equitable tolling for claims of actual innocence. *See Souter*, 395 F.3d at 599. However, *Souter* is not binding on this Court. Even assuming, *arguendo*, that actual innocence is applicable to equitably toll the statute of limitations, Petitioner received a variant sentence and was not sentenced as a career offender. At sentencing, Chief Judge Bailey stated:

> The Guideline sentence in this case is 210 months. As previously noted, the defendant in this case is technically a career offender. However, in light of the nature and circumstances of the crimes and the nature of his involvement in those crimes, this Court does not deem it appropriate to impose the sentence that would be called for a by a career offender.

(Sentencing Hrg. Tr., Dec. 11, 2008, Criminal Action No. 3:08-cr-50, ECF No. 60 at 19:9-15.) The

record thus demonstrates that even if Petitioner were actually innocent of the career offender designation, he was not prejudiced by any inclusion of this designation in his sentencing calculation. *See Maybeck*, 23 F.3d at 894. Furthermore, Petitioner has not asserted that he is actually innocent of the predicate offenses supporting his classification as a career offender. *See Pettiford*, 612 F.3d at 284. Therefore, because Petitioner cannot demonstrate the requisite prejudice, he is not entitled to have equitable tolling for actual innocence applied to his Motion, and his Motion remains untimely.

## IV.  RECOMMENDATION

Based upon a review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action 3:11-cv-49, ECF No. 1; Criminal Action No. 3:08-cr-50, ECF No. 71) be **DENIED** and **DISMISSED** from the docket because of its untimeliness, because the *Johnson* and *Carachuri-Rosendo* decisions are not retroactively applicable to collateral review of Petitioner's conviction, and because Petitioner is not entitled to equitable tolling for actual innocence of the career offender designation.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States*

*v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Gebront Mazaunti Gaddy.

**DATED:** December 15, 2011

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE